UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERI DUFF and TROY DUFF,
her husband,

       Plaintiffs,

v.

Case no.:

HOME DEPOT U.S.A., INC., a foreign
corporation, d/b/a THE HOME DEPOT,

       Defendant.

_____/

**NOTICE OF REMOVAL OF CAUSE BY DEFENDANT,
HOME DEPOT U.S.A. INC., D/B/A THE HOME DEPOT**

Defendant, HOME DEPOT U.S.A., INC., by and through its undersigned counsel, hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Middle District of Florida, Tampa Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 6th Judicial Circuit, in and for Pinellas County, Florida (the "State Court"), Case No. 16-000647-CI and styled *Terri Duff and Troy Duff v. Home Depot U.S.A., Inc.* See, Plaintiff's Complaint attached hereto as Exhibit A. In support of this Notice of Removal of Cause, Defendant states as follows:

*__Complete Diversity of Citizenship Exists__*

    1.    Plaintiffs, Teri Duff and Troy Duff, are and were Florida citizens and residents domiciled in Pinellas County, Florida. Plaintiff's Complaint indicates as much. See, Exhibit A, ¶ 2. More specifically, Mr. and Mrs. Duff reside at 825 Carolina Avenue, Tarpon Springs, FL 34689, which is identified as their homestead. See, information obtained from the Pinellas County Property Appraiser's website, attached hereto as Exhibit "B."

1

2. Defendant, HOME DEPOT U.S.A., INC., is a foreign corporation organized under the laws of the state of Delaware and which has its principal place of business in the state of Georgia at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Defendant, HOME DEPOT U.S.A., INC., is not organized under the laws of the State of Florida, and does not have its principal place of business in the State of Florida. Therefore, Defendant is not a citizen of the state of Florida.

3. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 and complete diversity of citizenship exists between the Plaintiffs and the Defendant.

## *The Amount in Controversy Requirement is Satisfied*

4. Pursuant to 28 U.S.C. §1332(a), the amount in controversy in this case exceeds the required $75,000 jurisdictional threshold.

5. Plaintiffs' Complaint against Defendant alleges damages in excess of the State Court's $15,000.00 jurisdictional threshold and asserts a premises liability negligence claim on behalf of Plaintiffs against Defendant. See, Exhibit A. According to Plaintiffs' Complaint, the claims derive from an alleged August 16, 2013 incident wherein Plaintiff asserts that she "was seriously injured when a section of fence structure in the outdoor garden department fell and struck the Plaintiff on or about the head and neck area, causing her to fall to the ground." Exhibit A, ¶9.

6. Plaintiff alleges, *inter alia*, that the condition was unsafe, that Defendant, HOME DEPOT U.S.A., INC., is and was responsible for the condition, and that Defendant is and was negligent in failing to maintain its premises in a reasonably safe condition, failing to eliminate

hazards on the premises, and failing to warn the Plaintiff of the allegedly known (to Defendant) dangerous condition. Exhibit A, ¶¶ 11-14.

7. According to Plaintiff, "As a direct and proximate result of the aforesaid negligence of the Defendant, HOME DEPOT, its agents and/or employees, the Plaintiff, TERRI DUFF, has sustained the following past and future damages," which are noted to include bodily injury, past and future medical expenses, pain and suffering, loss of capacity to lead and enjoy a normal life, mental anguish, loss of income or diminution of earning or earning capacity, physical impairment, inconvenience, permanent injury, disfigurement and scarring, and aggravation of an existing disease or physical defect." Exhibit A, ¶15.

8. Plaintiff, Troy Duff, husband of Terri Duff, then also claims a right to money damages for his alleged loss of his wife's services, companionship and consortium, as well as past and future medical expenses allegedly related to his wife's injuries claimed in the lawsuit. Exhibit A, ¶¶ 16-18.

9. "As the party seeking removal, Defendant bears the burden of establishing jurisdiction." Houston v. Garrison Prop. & Cas. Ins. Co., No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Houston, 2014 WL 6469608, at *2 (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001)).

10. In that regard and for purposes of meeting its evidentiary burden, Defendant notes that prior to filing suit, Plaintiffs submitted to it a detailed settlement demand letter dated June 22, 2015, which sought payment of a $925,000 settlement by Defendant to Plaintiffs. See,

3

Exhibit "C." That letter identified Plaintiff's allegedly causally related injuries, including injury to her neck, references the numerous treatment providers and modalities obtained by Plaintiff, and details past and future economic damages allegedly related to the incident at issue which far exceed $75,000.

11. Significantly, the letter identifies a March 31, 2015, surgical procedure performed on Plaintiff, Terri Duff; specifically, a C4-5 discectomy, C4-5 total disc replacement, C5-6 discectomy, and C5-6 total disc replacement performed by Dr. Gary Moskovitz at Westchase Surgery Center. And, included with Plaintiff's June 22, 2015 demand letter were a June 3, 2015 narrative report authored by Dr. Gary Moskovitz and invoices and/or billing ledgers from Dr. Moskovitz and the surgery center for the operative procedure. See, Composite Exhibit "D."

12. According to the narrative report, Dr. Moskovitz attributes the C4-5 and C5-6 disc herniations to the August 2013 incident at issue in this lawsuit, relates the operative intervention to the injuries sustained in the alleged incident, assigns a permanent impairment rating, and addresses his opinions on the alleged likely need for additional future care. Composite Exhibit D.

13. And, according to the invoices/ledgers, the surgery center charged $87,318.88 and Dr. Moskovitz charged $47,488.10 (including pre-operative and post-operative care) for the referenced surgery, which amounts are both reflected as balances due totaling $134,806.98, i.e., well in excess of this Court's $75,000 jurisdictional threshhold.

14. In total, and including the foregoing, the Plaintiffs' June 22, 2015 demand letter attached hereto details $187,579.65 in allegedly causally-related past medical expenses incurred by the Plaintiffs.[1] Exhibit C, p. 8 of 12.

15. In addition to the foregoing, Plaintiffs' June 22, 2015 demand letter then indicates that Dr. Moskovitz believes "there is a strong likelihood" for a future surgery to repair discs at the levels above and below the already-repaired discs, at a projected global cost of $70,000 - $90,000. And, all told, the letter claims projected future medical costs between $160,000 and $240,000. Exhibit C, p. 9 of 12.

16. Finally, Plaintiffs' demand letter claims a loss of between $400,000 and $560,000 in future earning capacity based on Plaintiffs' stated contention that they will need to hire a marketing director and an office administrator for their business, at a salary cost to their business of $80,000 annually for five to seven years, to replace the services otherwise provided by Plaintiff, Terri Duff. Exhibit C, p. 10 of 12.

17. Defendant recognizes that Plaintiffs' initial $925,000 settlement demand itself, as articulated in the demand letter, is not necessarily and/or specifically dispositive for purposes of Defendant meeting its evidentiary burden as to amount in controversy for purposes of removal. Instead, however, it is Plaintiff's specific delineation of past billed medical expenses, *i.e.*, just

---

[1] Defendant notes that Plaintiffs' June 22, 2015 demand letter also references that she has Golden Rule Healthcare, which, according to the letter, is asserting a subrogation lien in the amount of $844.95. However, nowhere does the letter give any indication that the entire $187,579.65 in past medical bills have been extinguished by the health insurer for $844.95. And, the specific bills/ledgers attached hereto as Exhibit D, and which alone total $134,806.98, do not reflect any payments whatsoever by a health insurer and, in fact, reflect outstanding balances due and owing (and which are clearly claimed as damages in this case). Moreover, "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010); *see also Henry v. K-Mart Corp.*, 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing with *Stramiello* that collateral source setoffs are not relevant to calculating jurisdiction amount at time of removal).

5

one element of damages sought by way of this lawsuit, in excess of $75,000, which are allegedly causally related to the incident in question, and which continue to accrue, that supports removal to the Federal Court. Moreover, the claimed (and specifically identified) lost future earning capacity damages, the alleged need for ongoing care and treatment, and the alleged "strong likelihood" of a second/additional surgical procedure, also further support an amount in controversy in excess of the Federal Court's $75,000 jurisdictional threshold and satisfy Defendant's burden to demonstrate same.

### *The Other Prerequisites and Requirements for Removal Have Been Satisfied*

18. Defendant has filed with the Clerk of the State Court a true and correct copy of this Notice of Removal of Cause.

19. There has been no waiver by this Defendant of any right to remove this cause to the Federal Court.

20. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

21. This Notice of Removal of Cause was timely filed within thirty (30) days from February 4, 2016, the date upon which the Defendant was served with the Complaint in this action. See, the Summons served on Defendant reflecting a service date of February 4, 2016 attached hereto as Exhibit "E."

22. The undersigned counsel are attorneys of record for HOME DEPOT U.S.A., INC., and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

**WHEREFORE**, Defendant, HOME DEPOT U.S.A., INC., hereby removes this cause from the Circuit Court of the 6th Judicial Circuit, in and for Pinellas County, Florida, to the

United States District Court, Middle District of Florida, Tampa Division, and requests that all further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this 7th **day of March, 2016.**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Terence A. Perenich, Esq.**, PERENICH LAW, PL *Counsel for Plaintiffs*, 25749 U.S. Hwy. 19 N, Suite 200, Clearwater, FL 33763, Service@PerenichLaw.com; this 7th **day of March, 2016,** via U.S. Mail and E-Mail service.

**LUKS, SANTANIELLO,
PETRILLO, & JONES**
100 N. Tampa Street, Suite 2120
Tampa, FL 33602
Tel: 813/226-0081; Fax: 813/226-0082
Counsel for Defendant
Primary: lukstpa-pleadings@ls-law.com
Secondary: MKestenbaum@ls-law.com

/s/ Michael H. Kestenbaum
**ANTHONY J. PETRILLO, ESQ.**
Board Certified Civil Trial Lawyer
Florida Bar No. 874469
**MICHAEL H. KESTENBAUM, ESQ.**
Florida Bar No. 0767301