IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

TERI DUFF and TROY DUFF,
her husband,

        Plaintiffs,

                                        Division:

vs.

HOME DEPOT U.S.A., INC., a foreign
, d/b/a THE HOME DEPOT,

_____

COME NOW the Plaintiffs, TERI DUFF and TROY DUFF, her husband, by and through

the undersigned counsel, hereby sue Defendant, HOME DEPOT U.S.A., INC., a foreign

corporation, d/b/a THE HOME DEPOT (hereinafter referred to as "HOME DEPOT"), and allege

as follows:

1.      This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of costs and interest.

2.      The Sixth Judicial Circuit has venue pursuant to Florida Statutes, §47.011,

because Defendant, HOME DEPOT, operated, conducted or engaged in, or carried on a business

or business venture with the State of Florida.

3.      The Sixth Judicial Circuit has personal jurisdiction over Defendant, HOME

DEPOT, pursuant to Florida Statutes §48.193, because said Defendant operated, conducted or

engaged in, or carried on a business or business venture within the State of Florida.

4.  All conditions precedent to bringing this action have occurred, or were waived or executed.

5.  At all times material hereto, Plaintiffs, TERI DUFF and TROY DUFF, her husband, were residents of Tarpon Springs, Pinellas County, Florida.

6.  At all times material hereto, the Defendant, HOME DEPOT, is a foreign corporation duly authorized to conduct and doing business in the State of Florida.

7.  On or about August 16, 2013, the Defendant, HOME DEPOT, owned, operated, controlled and/or maintained a retail business known as "Home Depot - #288" located at 1315 U.S. Highway 19, Holiday, Florida 34691.

8.  On or about August 16, 2013, Plaintiffs were lawfully on the Defendant's business premises in the capacity of patrons/customers and business invitees to purchase outdoor gardening mulch.

9.  While lawfully on said premises, Plaintiff, TERI DUFF, was seriously injured when a section of a fence structure in the outdoor garden department fell and struck the Plaintiff on or about the head and neck area, causing her to fall to the ground.

COUNT I   NEGLIGENCE

10.  Plaintiff, TERI DUFF, re-alleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs one (1) through nine (9) above.

11.  That on or about the date and place aforementioned, the Defendant, HOME DEPOT, its agents and/or employees, created and/or allowed a dangerous condition and/or unsafe condition at said place of business to exist.

12.  At all times material hereto, the Defendant, HOME DEPOT, its agents and/or

employees, owed the Plaintiff, TERI DUFF, and others similarly situated, a non-delegable duty of care to ensure that the premises were safe for business invitees such as the Plaintiffs.

13.    Defendant, HOME DEPOT, its agents and/or employees, breached the aforementioned duty of care and was negligent in one or more of the following particulars, any one of which was a departure from the accepted standard of care:

a.    By failing or neglecting to properly maintain the fence structure on said premises in a safe and reasonable condition;

b.    By failing or neglecting to make reasonable provisions for the safe condition of the fence structure on said premises;

c.    By failing or neglecting to properly inspect the fence structure on said premises to determine if any dangerous or unsafe conditions existed;

d.    By failing or neglecting to safely secure the fence structure on said premises;

e.    By failing or neglecting to take reasonable precautions to prevent injury to business invitees such as the Plaintiff;

f.    By failing or neglecting to give warning of the latent or unrevealed dangers of the fence structure on said premises;

g.    By failing or neglecting to post warning signs and caution its invitees, including Plaintiff, of the possible dangerous conditions.

14.    The dangerous conditions described above were known by the Defendant, HOME DEPOT, its agents and/or employees, to exist or had existed for a sufficient length of time so that Defendant, in the exercise of due care, should have known of the dangers and the defective conditions that existed upon the premises.

15.    As a direct and proximate result of the aforesaid negligence of the Defendant, HOME DEPOT, its agents and/or employees, the Plaintiff, TERI DUFF, has sustained the following past and future damages:

a.    Bodily injury;

b.    Medical and related expenses, past and future, incurred in seeking a cure for her injuries;

c.    Pain and suffering;

d.    Loss of capacity to lead and enjoy a normal life;

e.    Mental anguish;

f.    Loss of income or diminution of earning or earning capacity;

g.    Physical impairment;

h.    Inconvenience;

i.    Permanent injury within a reasonable degree of medical probability;

j.    Disfigurement and scarring;

k.    Aggravation of an existing disease or physical defect.

WHEREFORE, Plaintiff, TERI DUFF, demands a trial by jury and a judgment against the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, for an amount within the jurisdictional limits of this Court, to-wit:  More than Fifteen Thousand Dollars ($15,000.00), plus attorney's fees and costs pursuant to any applicable Proposal for Settlement, together with such further relief as this Court deems just and proper and to which the Plaintiff may be justly entitled.

## COUNT II
## CONSORTIUM CLAIM OF THE PLAINTIFF, TROY DUFF

16.    The Plaintiff, TROY DUFF, hereby adopts, realleges and reaffirms each and every allegation contained in Paragraphs one (1) through fifteen (15) as though fully alleged herein and further alleges:

17.    The Plaintiff, TROY DUFF, was and is the husband of the Plaintiff, TERI DUFF.

18.    As a direct and proximate cause of the aforesaid negligence of the Defendant, HOME DEPOT, its agents and/or employees, the Plaintiff, TROY DUFF, was forced to lose the services, companionship and consortium of his wife, incurred medical and hospital expenses in the care and alleviation of his wife's injuries, and will be obligated to incur such expenses in the future.

WHEREFORE, Plaintiff, TROY DUFF, demands a trial by jury and a judgment against the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, for an amount within the jurisdictional limits of this Court, to-wit:  More than Fifteen Thousand Dollars ($15,000.00), plus attorney's fees and costs pursuant to any applicable Proposal for Settlement, together with such further relief as this Court deems just and proper and to which the Plaintiff may be justly entitled.

Dated: _____

Terence A. Perenich, Esquire
Florida Bar Number: 0966274
PERENICH LAW, PL
25749 U.S. Highway 19 North, Suite 200
Clearwater, Florida 33763
Telephone: (727) 669-2828
Facsimile: (727) 669-2220
E-Mail: Service@PerenichLaw.com
Attorney for Plaintiff